## C., T. & N. W. Railroad v. W. L. Hancock.

### (Galveston Term, 1885.)

Evidence — Depositions. — Indorsement of " P. M." sufficient when initials only are used.

Practice.— Address of counsel; latitude allowed; jury prejudiced by.

Appeal from Ellis county. Opinion by Delaney, J.

Statement.— Suit for damages for personal injuries. Judgment for $10 actual, and $5,000 exemplary, damages. The exemplary damages were afterward remitted.

The indorsement on the deposition was: "Received this package from the hands of W. W. Gray, clerk, the officer before whom the deposition was taken. G. S. Smith, P. M." The postmark on the envelope was: "Woodbury, Tenn., July 21." From the certificate of the officer who took the deposition it appears he was "clerk of Cameron county, Tennessee." The objections to the deposition were: 1. That the signature did not show that the person signing was a postmaster. 2. If the initials were sufficient for that purpose, then it does not appear at what point he was postmaster.

OPINION.— Held, the certificate was sufficient.    The fifth assignment of error complains of certain remarks of plaintiff's counsel in the course of trial.    Held: " In our opinion the largest liberty of discussion should be allowed in trials before juries, so long as the legitimate objects of discussion are kept in view.    In the trial of causes involving, as they generally do, the most important interests, the duties of jurors require moderation, calmness, and a high sense of rectitude.    In such trials everything which appeals to prejudice or kindles animosity between different classes of men must be regarded as inimical to the due administration of justice.    Our courts of last resort are accustomed to pay great deference to verdicts when there is reason to believe that they are the result of calm and deliberate conviction on the part of juries.    And this is so even when the court may think the verdict larger or smaller than it ought to be.    But when the verdict is abnormal, and circumstances have occurred at the trial which may have suddenly influenced the action of the jury, the court will not hesitate to set it aside."    Because the large verdict in this case may have been brought about by the improper remarks of counsel before the jury, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.